IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Herbert Leonard Galloway Jr., | Crim. No. 4:12-cr-00821-TLW-1 |
| PETITIONER | C/A No. 4:16-cv-00470-TLW |
| v. | |
| United States of America, | **Order** |
| RESPONDENT | |

After being remanded by the Fourth Circuit in *United States v. Galloway*, 774 F. App'x 802 (4th Cir. 2019), this matter is now back before this Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Herbert Leonard Galloway Jr. As mandated by the Fourth Circuit's ruling, the petition is granted.

The Court sentenced Petitioner as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to the then-applicable statutory mandatory minimum of 180 months incarceration, followed by 5 years of supervised release. ECF No. 43. In his § 2255 petition, he sought to be resentenced without the ACCA enhancement in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 48. He argued that his conviction for assault on a law enforcement officer (ALEO) was no longer an ACCA predicate offense and that without it, he no longer had the requisite three ACCA predicate convictions. After briefing and in reliance on the Court's prior decision in *Jones v. United States*, Nos. 4:06-cr-01238-TLW-1, 4:16-cv-01447-TLW, 2018 WL 368723 (D.S.C. Jan. 11, 2018) (*Jones I*), the Court

1

denied his petition, concluding that ALEO remained an ACCA predicate offense. ECF No. 56.

Petitioner appealed that ruling. While his appeal was pending, the Fourth Circuit vacated and remanded this Court's decision in *Jones I*, concluding that ALEO is not an ACCA violent felony. *See United States v. Jones*, 914 F.3d 893, 904 (4th Cir. 2019) (*Jones II*). Then, in light of *Jones II*, the Fourth Circuit vacated this Court's order denying Petitioner's habeas petition and remanded it to this Court for further proceedings. *Galloway*, 774 F. App'x at 803.

As a result of the Fourth Circuit's ruling, this Court is required to resentence Petitioner to a sentence of no more than ten years. To be classified as an armed career criminal, a defendant convicted of being a felon in possession of a firearm or ammunition must have at least three prior convictions for "a violent felony or a serious drug offense," 18 U.S.C. § 924(e)(1), and in light of the Fourth Circuit's ruling, he only has two. A defendant who is not an armed career criminal faces a statutory maximum of ten years incarceration. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

For these reasons and as required by the Fourth Circuit's decision, Petitioner's petition for relief pursuant to § 2255, ECF No. 48, is **GRANTED**.

The United States Probation Office is directed to prepare a revised Presentence Investigation Report (PSR) without the ACCA enhancement and taking into account the Court's rulings at the initial sentencing.[1] This matter will be scheduled for

---

[1] Based on the Court's review of the PSR, it appears that, without the ACCA enhancement, Petitioner would have been subject to a Guidelines range of 110–120 months incarceration (25/VI), followed by 3 years of supervised release. The PSR

resentencing on Wednesday, November 13, 2019, in Columbia.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
Senior United States District Judge

October 28, 2019
Columbia, South Carolina

---

included a four-level enhancement under § 2K2.21(b)(6)(B) for possessing a firearm or ammunition in connection with another felony offense, but at sentencing, the Court determined that this enhancement did not apply. As a result, his adjusted offense level was 28. He received a three-level reduction for acceptance of responsibility, so his total offense level absent the ACCA enhancement was 25.